IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LLOYD CHAMBERS, and | ) | |
| RECARDO ANDERSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION FILE |
| | ) | NO.: |
| RODNEY P. HUNT, and | ) | |
| CRYSTAL M. THONG | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Recardo Anderson and Lloyd Chambers (hereinafter "Plaintiffs") and, through the undersigned counsel of record, files this their complaint for damages for breach of contract and fraud, and shows the Court as follows:

### **Parties, Jurisdiction, and Venue**

1.

Plaintiff Lloyd Chambers is a resident of Decatur, Georgia 30032. Plaintiff Chambers has a financial interest in the subject 2011 Maserati Quattroporte S with Vehicle Identification Number ZAM39JKA5B0057629.

2.

Plaintiff Recardo Anderson is a resident of Loganville, Georgia 30052. Plaintiff Anderson has a financial interest in the subject 2011 Maserati Quattroporte S with Vehicle Identification Number ZAM39JKA5B0057629.

3.

Defendant Rodney Hunt a resident of Arlington, Virginia 22207.

4.

Defendant Crystal Thong is a resident of San Diego, California 92120.

5.

This Court has jurisdiction over Defendants and over the subject matter of this action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Georgia.

# Facts

7.

On or about July 11, 2012, Defendant Thong in her capacity as agent and employee of Defendant Hunt inquired of Plaintiff Anderson whether he was interested in purchasing said 2011 Maserati Quattroporte S with Vehicle Identification Number ZAM39JKA5B0057629 from Defendant Hunt, her employer.

8.

A few days following their initial encounter, on or about July 14, 2012, Defendant Thong again asked Plaintiff Anderson whether he was interested in purchasing said Maserati and stated that her employer Defendant Hunt was asking $80,000 for same.

9.

At Plaintiff Anderson's request, Defendant Thong called Defendant Hunt by telephone and Messer. Anderson and Hunt spoke about the sale.

10.

Plaintiff Anderson was familiar with Defendant Hunt, having previously met Hunt at Hunt's hotel in California and having talked with him about personal and

professional matters, including Hunt's interest in a non-profit entity Anderson was forming.

11.

Defendant Hunt held out Defendant Thong to be his personal assistant during that telephone meeting.

12.

Following inspection of said Maserati in the Northern District of Georgia and telephone negotiations, Plaintiffs and Defendant Hunt settled on a sale price of $70,000 for said Maserati.

13.

The sale price for said Maserati reflected that the windshield on said vehicle was broken and the vehicle's temperature control, navigation, suspension and drivability systems, generally, were damaged.

14.

Defendant Hunt requested that Plaintiffs pay a deposit of $20,000 as a show of good faith interest in the vehicle, which payment was made to Defendant Thong on or about July 18, 2012. (*See* Motor Vehicle Bill of Sale, attached to Plaintiffs' Complaint as Exhibit 2).

15.

Said Motor Vehicle Bill of Sale stated that a balance of $50,000 was owed on the purchase and was to be paid in three monthly installments. (*See id.*).

16.

Said Motor Vehicle Bill of Sale was signed by Defendant Thong "Representing Rodney P. Hunt". (*See id.*).

17.

Said Motor Vehicle Bill of Sale was witnessed by Plaintiff Anderson and Andrew Laudat.

18.

Defendant Thong again specifically advised Plaintiffs that she was Defendant Hunt's agent and was authorized to sell said Maserati on his behalf.

19.

Defendant Hunt specifically ratified Defendant Thong's declaration on or about July 14, 2012, during the telephone call with Plaintiff Anderson and specifically advised him that Defendant Thong was authorized to sell the Maserati on his behalf.

20.

Prior to consummating the sale of said Masereti, Plaintiffs requested that Defendant Hunt verify his identity by providing a copy of a valid driver's license, which license was faxed by Defendant Hunt to Plaintiff Chambers' place of business at GBI Auto Solutions in the Northern District of Georgia and validity of same confirmed by Defendant Thong.

21.

Said license turned out not to be valid, but had been reported to the Virginia Department of Motor Vehicles and the Arlington Police Department as lost or stolen.

22.

Defendant Hunt signed the Virginia title for said Maserati in the space provided on the title for the seller's signature.

23.

Plaintiffs paid the remaining $50,000 for said Maserati in three payments on or about August, 18, 2012, September 18, 2012, and October 18, 2012. (*See* Addendum to Motor Vehicle Bill of Sale attached as Exhibit 2).

24.

Plaintiffs, who both contributed personal funds towards the purchase of said Maserati, took possession of the same in the Northern District of Georgia.

25.

Plaintiff Chambers registered the subject Maserati in Georgia and now holds a valid Georgia title to said vehicle. (*See* Georgia Title, attached to Plaintiffs' Complaint as Exhibit 1).

26.

Said Georgia title reflects that the same was issued to Plaintiff Chambers on July 24, 2012.

27.

Approximately one month after selling said Maserati, Defendant Hunt reported the vehicle stolen to the Arlington County, Virginia Police Department and the subject vehicle was thereafter seized by authorities. (*See* Marietta Police Department Incident Investigation Report attached as Exhibit 3).

28.

Defendant Hunt claimed that he is the rightful owner of the subject Maserati.

29.

The Marietta Police Department seized said Maserati and the original title held by Plaintiff Chambers.

30.

The current whereabouts of said Maserati is impounded.

## COUNT ONE
## BREACH OF CONTRACT

31.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 30 of this Complaint as if set forth fully herein.

32.

Plaintiffs are informed and allege that at all relevant times Defendant Thong was acting within the scope and course of her agency and employment for Defendant Hunt.

33.

The contract upon which this action is based was made and was performed in the Northern District of Georgia.

34.

Plaintiffs have performed all of the conditions, covenants, and promises required by them to be performed in accordance with the terms and conditions of the contract by paying Defendant Hunt through his agent and employee, Defendant Thong $70,000.

35.

Defendants, each of them, in selling the subject Maserati to Plaintiffs, warranted that Seller had good and marketable title to said property and had full authority to sell and transfer the subject vehicle.

36.

Defendants, each of them, further warranted that the subject Maserati was being sold by Defendants free of all liens, encumbrances, liabilities, and adverse claims of every nature and description whatsoever.

37.

Defendants, and each of them, breached their oral and written agreement with Plaintiffs by reporting said Maserati stolen after selling same to Plaintiffs.

38.

Defendants, and each of them, have, therefore, breached their oral and written contract with Plaintiffs, who have been damaged thereby in the sum of $75,000, representing the purchase price and cost of repairs to same, plus interest at the legal rate from and after the date the subject Maserati was seized by the authorities.

## COUNT TWO
## FRAUD

39.

Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 38 above.

40.

Plaintiffs are informed and allege that Defendants fraudulently induced Plaintiffs to enter into the subject contract by providing a copy of a license to

Plaintiffs that was reported to the Virginia Department of Motor Vehicles and the Arlington Police Department as lost or stolen.

41.

Plaintiffs allege that Defendant Thong fraudulently ratified that said license belonged to and was in fact Defendant Hunt's license.

42.

Plaintiffs allege that Defendants made said misrepresentations prior to, and as an inducement for Plaintiffs to enter into the subject contract.

43.

Plaintiffs are informed and allege that Defendants, and each of them, had no intention of selling the subject Maserati, and immediately reported the subject vehicle as stolen upon receipt of the proceeds of the sale.

44.

Plaintiffs relied on the representations of Defendants and would not have otherwise entered into a contract to purchase the subject Maserati.

45.

Plaintiffs are informed and allege that Defendants, and each of them, reported the subject Maserati as stolen for the specific purpose of depriving Plaintiffs of their funds, and to defraud Plaintiffs.

46.

Plaintiffs have been injured by loss of use of the funds. Plaintiffs seek compensatory damages in the amount of $75,000 for said acts.

47.

These acts were malicious, fraudulent justifying an award of punitive damages so that Defendants and each of them will not engage in such conduct in the future and to make an example of them.

WHEREFORE Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For the sum of $75,000 for breach of contract.

2. For interest thereon at the legal rate from and after December 28, 2012.

3. For $75,000 general damages for Defendants' fraud.

4. For punitive damages according to proof.

5. For reasonable attorney's fees and costs incurred herein.

6. For such other and further relief as the court may deem just and proper.

Respectfully submitted this 3rd day of March, 2014.

                          **THE PRINCE FIRM, LLC**

                          */s/ Althea S. Prince*
                          Althea S. Prince
                          Georgia Bar No.: 588218

315 W. Ponce de Leon Ave., Suite 970
Decatur, Georgia 30030
Main: (678) 705-5409
Facsimile: (678) 705-2897
Email: asp@princefirm.com